DAVID Z. CHESNOFF, ESQ.
RICHARD A. SCHONFELD, ESQ.
CHESNOFF & SCHONFELD
520 South Fourth Street
Las Vegas, NV 89101
Telephone (702) 384-5563
Email: Dzchesnoff@cslawoffice.net
Email: Rschonfeld@cslawoffice.net
Attorneys for Defendant *Morgan Rockcoons*

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 17-CR-03690-AJB |
| MORGAN ROCKCOONS, | ) NOTICE OF MOTION AND |
| | ) MOTION FOR DISCOVERY |
| Defendant. | ) AND FOR LEAVE TO FILE |
| | ) FURTHER MOTIONS |
| | ) |

TO: ADAM L. BRAVERMAN, UNITED STATES ATTORNEY; AND JONATHAN SHAPIRO, ASSISTANT UNITED STATES ATTORNEY:

## I.

## NOTICE OF MOTIONS

PLEASE TAKE NOTICE that on March 26, 2018, at 2:00 p.m., or as soon thereafter as counsel may be heard, defendant Morgan Rockcoons, by and through his counsel, David Z. Chesnoff, Esq., and Richard A. Schonfeld, Esq., will ask this Honorable Court to enter an order granting the motion for Discovery and for Leave to File Further Motions.

1

This motion is based upon the papers and pleadings on file herein, the Memorandum of Points and Authorities in support therefor, and any argument that may be heard.

Dated this 15th day of March, 2018.

Respectfully Submitted:

/s/ Richard A. Schonfeld
**RICHARD A. SCHONFELD, ESQ**
**CHESNOFF & SCHONFELD**
520 South Fourth St.
Las Vegas, NV 89101
(702) 384-5563
Email: rschonfeld@cslawoffice.net
Attorney for Defendant Morgan Rockcoons

# MEMORANDUM OF POINTS AND AUTHORITIES

## A. Defendant is Entitled to Discovery of Defendant's Statements.

Pursuant to Rule 16(a)(1)(A), *Brady v. Maryland*, 373 U.S. 83 (1963), and the Fifth and Sixth Amendments to the United States Constitution, defendant requests the disclosure of all statements, written, oral, and recorded, made by defendant which are in the possession, custody, or control of the government or which by the exercise of due diligence may become known to the government, regardless of to whom the statements were made. This includes all rough notes of government agents which include statements of defendant. A defendant has a right to inspect these requested statements. This has been extended to permit discovery of written summaries of the defendant's oral statements contained in handwritten notes of government agents. See *United States v. Johnson*, 525 F.2d 999 (2d Cir. 1975); *United States v. Bailleaux*, 685 F.2d 1105 (9th Cir. 1982).

## B. Defendant is Entitled to Disclosure of any Prior Similar Convictions or Prior Similar Acts.

Federal Rule of Criminal Procedure 16(a)(1)(B) provides that, upon request of the defendant, the government shall furnish to the defendant a copy of defendant's prior criminal record, if any, as is within the possession, custody, or control of the government. Defendant makes this request.

The defendant also requests that the government provide discovery of any prior similar acts which the government will intend to introduce into evidence pursuant to Federal Rule of Evidence 404(b). The defendant must have access to this information in order to make appropriate motions to exclude the use of such evidence at trial. See *United States v. Cook*, 609 F.2d 1174 (9th Cir. 1985).

The defendant requests a pretrial conference on the morning of the trial in order to resolve any issues raised by the government's intention to introduce such evidence.

**C. Defendant is Entitled to Examine any Documents, Tangible Items, and the like which are in the Possession, Custody, or Control of the Government.**

Pursuant to Federal Rule of Criminal Procedure 16(a)(1)(c) and *Brady v. Maryland*, 373 U.S. 83 (1963), the defendant requests the opportunity to inspect and copy all books, papers, documents, photographs, and tangible items which are in the possession, custody, or control of the government and which are material to the preparation of the defense intended for use by the government as evidence in the case in chief. The defendant further makes these requests pursuant to *Brady v. Maryland* on the ground that this evidence may provide exculpatory information that is beneficial to the defendant in the defense against the charges in the indictment.

This request includes, but is not limited to the following: All search warrants and their accompanying affidavits, as well as the opportunity to inspect the results of all searches conducted by law enforcement officers pursuant to warrants and/or otherwise (this request includes the searches of all residences, businesses, automobiles, and other locations regarding this case); all tape-recorded conversations, body wire recordings, surveillance recordings, closed circuit television surveillance, ground/air surveillance of suspects, telephone toll analysis, bank records and financial documents involving this case. This request also includes the results of all follow-up investigations regarding the above-requested evidence. These requests are made pursuant to Federal Rule of Criminal Procedure 16 and *Brady v. Maryland*, 373 U.S. 83 (1963).

**D. Due Process Exculpatory Information.**

Pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and the Fifth and Sixth Amendments to the United States Constitution, defendant requests disclosure of all information of whatever form, source, or nature which tends to exculpate defendant by indicating innocence, contradicting the government's theory of the case, and impeaching the credibility of potential government witnesses. This request specifically includes all co-conspirator statements,

indicted and unindicted, all third party witness statements interviewed by government agents and/or of which the government has custody, dominion, or control. This request includes all recorded conversations, electronic, mechanical, stenographic, or otherwise, of all co-conspirators, indicted and unindicted, all defendants, and all potential witnesses which statements are relevant to the subject matter charged in the indictment and are in the possession, custody, or control of the government. It also includes such statements within the meaning of 18 U.S.C. Section 3504.

Defendant requests the government to provide all statements made by all potential witnesses. The term "statements" as used in this request includes tape-recorded conversations, rough notes, correspondence, memoranda, or reports prepared directly by such persons and/or by any government agents (of any government entity) or attorneys. It includes all Grand Jury testimony, as well as previous in-court and trial testimony. It includes all government debriefings of all potential witnesses. If such statements were given orally to any government agent, defendant requests that they be committed to writing and produced forthwith.

Defendant requests access to prior testimony of all government witnesses. Two statutory provisions and one major constitutional provision must be considered in resolving any questions involving compelled disclosure of government witness statements. First, the *Jencks Act*, 18 U.S.C. Section 3500, regulates disclosure of witness statements, as defined by the Act, and prohibits any order requiring production prior to the completion of direct examination of the witness. Second, Federal Rule of Criminal Procedure 16(a)(2) excepts from the operation of the general discovery provisions of Rule 16 those reports, memoranda, and internal government documents generated during the course of an investigation into the case, except as provided in the *Jencks Act*. The Rule does not prohibit the disclosure of such items, but states, merely, that it does not authorize them. Third, an overriding principle requires the government

to disclose all exculpatory material in its possession. See *Brady v. Maryland*, 373 U.S. 83 (1963). Defendant makes this request under all three provisions.

As part of this request defendant also requests the name, address and telephone number of each person the government intends to call as a witness at trial. Additionally, defendant requests the name, address and telephone number of each person who was present during or has material information regarding, any act or transaction charged in the indictment, whether or not the government intends to call such a person as a witness at the trial. The request includes a list of all witnesses appearing before the Grand Jury in connection with this case. Advance disclosure of witnesses is essential if defendant's Sixth Amendment right to effective assistance of counsel is to have any real meaning. This request is properly before the court. See *United States v. Cadet*, 727 F.2d 1453, 1469 (9th Cir.1984); *Wilson v. Rose*, 366 F.2d 611 (9th Cir. 1966).

Pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963); *Giglio v. United States*, 405 U.S.150 (1972); *Davis v. Alaska*, 415 U.S. 308 (1974), defendant makes the following request for:

1) All impeaching evidence such as prior records, prior inconsistent statements, evidence for bias, interest, or motive, and prior uncharged bad acts of all the potential witnesses in this case. This includes but is not limited to any criminal investigations of government witnesses;

2) All formal or informal promises to reward a witness, such as promises of probation, promises of monetary gain, payment of living or medical expenses, payment for transportation or promises of witness protection;

3) All information relating to alcohol or drug abuse treatment of all potential witnesses, and all information relating to drug uses of each potential witness;

4) All information relating to the use of aliases or fictitious names by each potential government witness;

6

5) All information relating to prior acts of all potential witnesses which are probative of his character for untruthfulness within the meaning of Federal Rule of Evidence 608(b); and,

6) All information relating to contradictory statements made by all potential government witnesses or agents or representative of any law enforcement entity or other persons.

7) All information, including but not limited to medical or psychiatric reports or evaluations, tending to show that any prospective government witness's ability to perceive, remember, communicate, or tell the truth is impaired; and any evidence that a witness has ever used narcotics or other controlled substances, or has ever been an alcoholic. *United States v. Strifler*, 851 F.2d 1197 (9th Cir. 1988); *Chavis v. North Carolina*, 637 F.2d 213, 224 (4th Cir. 1980).

In addition to the foregoing, Defendant makes the following requests related to government agent witnesses:

1. Curriculum Vitae of Agent Nick Jones of the Department of Homeland Security;
2. Work History of Agent Nick Jones of the Department of Homeland Security;
3. Any and all complaints lodged against Nick Jones of the Department of Homeland Security during the time frame that he has been employed by the Untied States government;
4. The identification of the agent that accompanied Nick Jones prior to the video recorded interview of Defendant;
5. Personnel records of all government officers involved in the investigation that lead to the arrest of the Defendant. This includes, but is not limited to, all citizen complaints and other related internal affairs documents, pursuant to *Pitchess v. Superior Court*, 11 Cal. 3d 531, 539 (1974). Because of the sensitive nature of such *Henthorn* documents, defense counsel will not be able to procure

them from any other source.

6. The Defendant further requests that the Court order the prosecutor to personally review the personnel files of the agents involved.

### E. Request for Expert Witness Information

Pursuant to Federal Rule of Criminal Procedure 16(a)(1)(A) and *Brady v. Maryland*, 373 U.S. 83 (1963), defendant requests to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments which are within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known to the attorney for the government, and which reports are material to the preparation of the defense or intended for use by the government as evidence in their case in chief at trial.

In regards to this expert information, defendant requests all rough notes, memoranda, correspondence and reports setting forth the results, whether positive or negative, of all expert analysis conducted during the course of the investigation of this case.

In regards to this request for expert witness information, defendant requests all expert analysis regarding fingerprints on any of the seized evidence, scientific analysis of any of the recorded conversations and/or closed circuit television surveillance. In regards to this latter request, defendant requests the opportunity to perform independent scientific analysis on all recorded conversations and all closed circuit television surveillance conducted in this case.

### F. Defendant is Entitled to Government Disclosure of the Evidence it Intends to Use Against Defendant at Trial.

Pursuant to Federal Rule of Criminal Procedure 12(d), defendant requests that this court order the government to disclose the evidence it intends to use against defendant at trial. This request includes any evidence which defendant may be entitled

8

to under Federal Rule of Criminal Procedure 16 subject to any relevant limitation prescribed by that rule.

### G. Defendant is Entitled to Government Disclosure of Informants and Cooperating Witnesses.

Defendant requests disclosure of the name(s), address(es), criminal record and location(s) of all informants or cooperating witnesses used or potentially to be used in this case, and in particular, disclosure of any informant who was a percipient witness in this case or otherwise participated in the alleged crime charged. *Roviaro v. United States*, 353 U.S. 52, 61-62 (1957). The government must disclose any information derived from informants which exculpates or tends to exculpate the defendant. *Brady v. Maryland*, 373 U.S. 83 (1963). The government must disclose any information indicating bias on the part of any informant or cooperating witness. *Id*. Defendant also requests that the government disgorge any information in its possession regarding other parties culpable in this matter as these individuals are highly relevant and material to Mr. Rockcoon's defense.

### H. Defendant is Entitled to Any Information that may Result in a Lower Sentence Under the Guidelines.

This information is discoverable under *Brady v. Maryland*, 373 U.S. 83 (1963). This requests includes any information that could affect any base offense level or specific offense characteristic under Chapter Two of the Guidelines. Also included in this request is any information relevant to a Chapter Three adjustment, a determination of Mr. Rockcoons' criminal history, or any other application of the Guidelines. Additionally, the Defendant requests any evidence that the government intends to introduce at a sentencing to otherwise enhance the sentence.

### I. Residual Discovery/All Other Relevant Material.

The Defendant intends for this Motion to cover the full extend of discoverable material under Rule 16, the Federal Rules of Evidence, and any other applicable statute

9

and the United States Constitution. He therefore requests that the government disgorge all other discoverable material which he otherwise has failed to specifically request. He also requests that the government be directed to provide discovery on a continuing basis, such that if newly discovered evidence, or evidence not previously ordered to be disgorged, becomes reasonably known to the government, such evidence be ordered disgorged prospectively.

**III. PRESERVATION OF EVIDENCE.**

Defendant hereby moves this court to order:

1) Preservation and production of rough notes of government witness interviews and the interrogatories of defendant;

2) Preservation and production of all evidence that may be destroyed, lost, or otherwise put out of the possession of the government which relate to the arrest or the events leading to the arrest in this case; and

3) Sanctions for destruction of any of the rough notes or other evidence including the exclusion of any witness' testimony as to which the rough notes or other evidence has been destroyed.

The grounds for this motion are that rough interview notes must be preserved and disclosed to the defense under the Federal Rules of Criminal Procedure, Rule 16, and 18 U.S.C. Section 3500.

## IV. LEAVE TO FILE FURTHER MOTIONS

A continuance may be warranted in this matter due to the fact that further discovery is required in order to adequately prepare motions; at this date little discovery has been provided. Accordingly, defendant prays for leave to file further motions should such motions be warranted.

Dated this 15th day of March, 2018.

Respectfully Submitted:

/s/ Richard A. Schonfeld
**DAVID Z. CHESNOFF, ESQ.**
**RICHARD A. SCHONFELD, ESQ**
**CHESNOFF & SCHONFELD**
520 South Fourth St.
Las Vegas, NV 89101
(702) 384-5563
Email: rschonfeld@cslawoffice.net
Attorney for Defendant Morgan Rockcoons

## CERTIFICATE OF ELECTRONIC SERVICE

The undersigned hereby certifies that she is an employee of the Law Office of Chesnoff & Schonfeld and is a person of such age and discretion as to be competent to serve papers.

That on March 15, 2018, she served an electronic copy of Defendant's Notice of Motion and Motion for Discovery and For Leave to File Further Motions by electronic service (ECF) to the person (s) named below:

Adam L. Braverman, USA
Jonathan Shaprio, AUSA
United States Attorney's Office
880 Front Street, Room 6293
San Diego, CA 92101
Tel.: (619) 546-6784
jonathan.shapiro@usdoj.gov

                                                    */s/ Rosemary Reyes*
                                                   Rosemary Reyes
                                                   Employee of Chesnoff & Schonfeld