EXHIBIT 5

Notice 2014-21 (IRS NOT), 2014-16 I.R.B. 938, 2014 WL 1224474

Internal Revenue Service (I.R.S.)

IRS NOT
Notice

IRS VIRTUAL CURRENCY GUIDANCE

Released: March 26, 2014
Published: April 14, 2014

This notice explains how existing general tax principles apply to transactions using virtual currency.

SECTION 1. PURPOSE

This notice describes how existing general tax principles apply to transactions using virtual currency. The notice provides this guidance in the form of answers to frequently asked questions.

SECTION 2. BACKGROUND

The Internal Revenue Service (IRS) is aware that "virtual currency" may be used to pay for goods or services, or held for investment. Virtual currency is a digital representation of value that functions as a medium of exchange, a unit of account, and/or a store of value. In some environments, it operates like "real" currency — i.e., the coin and paper money of the United States or of any other country that is designated as legal tender, circulates, and is customarily used and accepted as a medium of exchange in the country of issuance—but it does not have legal tender status in any jurisdiction.

Virtual currency that has an equivalent value in real currency, or that acts as a substitute for real currency, is referred to as "convertible" virtual currency. Bitcoin is one example of a convertible virtual currency. Bitcoin can be digitally traded between users and can be purchased for, or exchanged into, U.S. dollars, Euros, and other real or virtual currencies. For a more comprehensive description of convertible virtual currencies to date, see Financial Crimes Enforcement Network (FinCEN) *Guidance on the Application of FinCEN's Regulations to Persons Administering, Exchanging, or Using Virtual Currencies* (FTN-2013-G001, March 18, 2013).

SECTION 3. SCOPE

In general, the sale or exchange of convertible virtual currency, or the use of convertible virtual currency to pay for goods or services in a real-world economy transaction, has tax consequences that may result in a tax liability. This notice addresses only the U.S. federal tax consequences of transactions in, or transactions that use, convertible virtual currency, and the term ""virtual currency" as used in Section 4 refers only to convertible virtual currency. No inference should be drawn with respect to virtual currencies not described in this notice.

The Treasury Department and the IRS recognize that there may be other questions regarding the tax consequences of virtual currency not addressed in this notice that warrant consideration. Therefore, the Treasury Department and the IRS request comments from the public regarding other types or aspects of virtual currency transactions that should be addressed in future guidance.

Comments should be addressed to:

Internal Revenue Service

Attn: CC:PA:LPD:PR (Notice 2014-21)

Room 5203

P.O. Box 7604

Ben Franklin Station

Washington, D.C. 20044

or hand delivered Monday through Friday between the hours of 8 A.M. and 4 P.M. to:

Courier's Desk

Internal Revenue Service

Attn: CC:PA:LPD:PR (Notice 2014-21)

1111 Constitution Avenue, N.W.

Washington, D.C. 20224

Alternatively, taxpayers may submit comments electronically via e-mail to the following address: *Notice.Comments@irscounseltreas.gov*. Taxpayers should include "Notice 2014-21" in the subject line. All comments submitted by the public will be available for public inspection and copying in their entirety.

For purposes of the FAQs in this notice, the taxpayer's functional currency is assumed to be the U.S. dollar, the taxpayer is assumed to use the cash receipts and disbursements method of accounting and the taxpayer is assumed not to be under common control with any other party to a transaction.

SECTION 4. FREQUENTLY ASKED QUESTIONS

**Q-1: How is virtual currency treated for federal tax purposes?**

**A-1**: For federal tax purposes, virtual currency is treated as property. General tax principles applicable to property transactions apply to transactions using virtual currency.

**Q-2: Is virtual currency treated as currency for purposes of determining whether a transaction results in foreign currency gain or loss under U.S. federal tax laws?**

**A-2**: No. Under currently applicable law, virtual currency is not treated as currency that could generate foreign currency gain or loss for U.S. federal tax purposes.

**Q-3: Must a taxpayer who receives virtual currency as payment for goods or services include in computing gross income the fair market value of the virtual currency?**

**A-3**: Yes. A taxpayer who receives virtual currency as payment for goods or services must, in computing gross income, include the fair market value of the virtual currency, measured in U.S. dollars, as of the date that the virtual currency was received. See Publication 525, *Taxable and Nontaxable Income*, for more information on miscellaneous income from exchanges involving property or services.

**Q-4: What is the basis of virtual currency received as payment for goods or services in Q&A-3?**

**A-4**: The basis of virtual currency that a taxpayer receives as payment for goods or services in Q&A-3 is the fair market value of the virtual currency in U.S. dollars as of the date of receipt. See Publication 551, *Basis of Assets*, for more information on the computation of basis when property is received for goods or services.

**Q-5: How is the fair market value of virtual currency determined?**

**A-5**: For U.S. tax purposes, transactions using virtual currency must be reported in U.S. dollars. Therefore, taxpayers will be required to determine the fair market value of virtual currency in U.S. dollars as of the date of payment or receipt. If a virtual currency is listed on an exchange and the exchange rate is established by market supply and demand, the fair market value of the virtual currency is determined by converting the virtual currency into U.S. dollars (or into another real currency which in turn can be converted into U.S. dollars) at the exchange rate, in a reasonable manner that is consistently applied.

**Q-6: Does a taxpayer have gain or loss upon an exchange of virtual currency for other property?**

**A-6**: Yes. If the fair market value of property received in exchange for virtual currency exceeds the taxpayer's adjusted basis of the virtual currency, the taxpayer has taxable gain. The taxpayer has a loss if the fair market value of the property received is less than the adjusted basis of the virtual currency. See Publication 544, *Sales and Other Dispositions of Assets*, for information about the tax treatment of sales and exchanges, such as whether a loss is deductible.

**Q-7: What type of gain or loss does a taxpayer realize on the sale or exchange of virtual currency?**

**A-7**: The character of the gain or loss generally depends on whether the virtual currency is a capital asset in the hands of the taxpayer. A taxpayer generally realizes capital gain or loss on the sale or exchange of virtual currency that is a capital asset in the hands of the taxpayer. For example, stocks, bonds, and other investment property are generally capital assets. A taxpayer generally realizes ordinary gain or loss on the sale or exchange of virtual currency that is not a capital asset in the hands of the taxpayer. Inventory and other property held mainly for sale to customers in a trade or business are examples of property that is not a capital asset. See Publication 544 for more information about capital assets and the character of gain or loss.

**Q-8: Does a taxpayer who "mines" virtual currency (for example, uses computer resources to validate Bitcoin transactions and maintain the public Bitcoin transaction ledger) realize gross income upon receipt of the virtual currency resulting from those activities?**

**A-8**: Yes, when a taxpayer successfully "mines" virtual currency, the fair market value of the virtual currency as of the date of receipt is includible in gross income. See Publication 525, *Taxable and Nontaxable Income*, for more information on taxable income.

**Q-9: Is an individual who "mines" virtual currency as a trade or business subject to self-employment tax on the income derived from those activities?**

**A-9**: If a taxpayer's "mining" of virtual currency constitutes a trade or business, and the "mining" activity is not undertaken by the taxpayer as an employee, the net earnings from self-employment (generally, gross income derived from carrying on a trade or business less allowable deductions) resulting from those activities constitute self-employment income and are subject to the self-employment tax. See Chapter 10 of Publication 334, *Tax Guide for Small Business*, for more information on self-employment tax and Publication 535, *Business Expenses*, for more information on determining whether expenses are from a business activity carried on to make a profit.

**Q-10: Does virtual currency received by an independent contractor for performing services constitute self-employment income?**

**A-10**: Yes. Generally, self-employment income includes all gross income derived by an individual from any trade or business carried on by the individual as other than an employee. Consequently, the fair market value of virtual currency received for services performed as an independent contractor, measured in U.S. dollars as of the date of receipt, constitutes self-employment income and is subject to the self-employment tax. See FS-2007-18, April 2007, *Business or Hobby? Answer Has Implications for Deductions*, for information on determining whether an activity is a business or a hobby.

**Q-11: Does virtual currency paid by an employer as remuneration for services constitute wages for employment tax purposes?**

**A-11**: Yes. Generally, the medium in which remuneration for services is paid is immaterial to the determination of whether the remuneration constitutes wages for employment tax purposes. Consequently, the fair market value of virtual currency paid as wages is subject to federal income tax withholding, Federal Insurance Contributions Act (FICA) tax, and Federal Unemployment Tax Act (FUTA) tax and must be reported on Form W-2, *Wage and Tax Statement*. See Publication 15 (Circular E), *Employer's Tax Guide*, for information on the withholding, depositing, reporting, and paying of employment taxes.

**Q-12: Is a payment made using virtual currency subject to information reporting?**

**A-12**: A payment made using virtual currency is subject to information reporting to the same extent as any other payment made in property. For example, a person who in the course of a trade or business makes a payment of fixed and determinable income using virtual currency with a value of $600 or more to a U.S. non-exempt recipient in a taxable year is required to report the payment to the IRS and to the payee. Examples of payments of fixed and determinable income include rent, salaries, wages, premiums, annuities, and compensation.

**Q-13: Is a person who in the course of a trade or business makes a payment using virtual currency worth $600 or more to an independent contractor for performing services required to file an information return with the IRS?**

**A-13**: Generally, a person who in the course of a trade or business makes a payment of $600 or more in a taxable year to an independent contractor for the performance of services is required to report that payment to the IRS and to the payee on Form 1099--MISC, *Miscellaneous In-come*. Payments of virtual currency required to be reported on Form 1099-MISC should be reported using the fair market value of the virtual currency in U.S. dollars as of the date of payment. The payment recipient may have income even if the recipient does not receive a Form 1099-MISC. See the Instructions to Form 1099-MISC and the General Instructions for Certain Information Returns for more information. For payments to non-U.S. persons, see Publication 515, *Withholding of Tax on Nonresident Aliens and Foreign Entities*.

**Q-14: Are payments made using virtual currency subject to backup withholding?**

**A-14**: Payments made using virtual currency are subject to backup withholding to the same extent as other payments made in property. Therefore, payors making reportable payments using virtual currency must solicit a taxpayer

identification number (TIN) from the payee. The payor must backup withhold from the payment if a TTN is not obtained prior to payment or if the payor receives notification from the IRS that backup withholding is required. See Publication 1281, *Backup Withholding for Missing and Incorrect Name/TINs*, for more information.

**Q-15: Are there IRS information reporting requirements for a person who settles payments made in virtual currency on behalf of merchants that accept virtual currency from their customers?**

**A-15**: Yes, if certain requirements are met. In general, a third party that contracts with a substantial number of unrelated merchants to settle payments between the merchants and their customers is a third party settlement organization (TPSO). A TPSO is required to report payments made to a merchant on a Form 1099-K, *Payment Card and Third Party Network Transactions*, if, for the calendar year, both (1) the number of transactions settled for the merchant exceeds 200, and (2) the gross amount of payments made to the merchant exceeds 520,000. When completing Boxes 1, 3, and 5a—1 on the Form 1099-K, transactions where the TPSO settles payments made with virtual currency are aggregated with transactions where the TPSO settles payments made with real currency to determine the total amounts to be reported in those boxes. When determining whether the transactions are reportable, the value of the virtual currency is the fair market value of the virtual currency in U.S. dollars on the date of payment.

See The Third Party Information Reporting Center, *http://www.irs.gov/Tax-Professionals/ Third-Party-Reporting-Information-Center*, for more information on reporting transactions on Form 1099-K.

**Q-16: Will taxpayers be subject to penalties for having treated a virtual currency transaction in a manner that is inconsistent with this notice prior to March 25, 2014?**

**A-16**: Taxpayers may be subject to penalties for failure to comply with tax laws. For example, underpayments attributable to virtual currency transactions may be subject to penalties, such as accuracy-related penalties under section 6662. In addition, failure to timely or correctly report virtual currency transactions when required to do so may be subject to information reporting penalties under section 6721 and 6722. However, penalty relief may be available to taxpayers and persons required to file an information return who are able to establish that the underpayment or failure to properly file information returns is due to reasonable cause.

SECTION 5. DRAFTING INFORMATION

The principal author of this notice is Keith A. Aqui of the Office of Associate Chief Counsel (Income Tax & Accounting). For further information about income tax issues addressed in this notice, please contact Mr. Aqui at (202) 317-4718; for further information about employment tax issues addressed in this notice, please contact Mr. Neil D. Shepherd at (202) 317-4774; for further information about information reporting issues addressed in this notice, please contact Ms. Adrienne E. Griffin at (202) 317- 6845: and for further information regarding foreign currency issues addressed in this notice, please contact Mr. Raymond J. Stahl at (202) 317-6938. These are not toll-free numbers.

Notice 2014-21 (IRS NOT), 2014-16 I.R.B. 938, 2014 WL 1224474

**End of Document**   © 2018 Thomson Reuters. No claim to original U.S. Government Works.