PS 8C
(05/08)

UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF CALIFORNIA

October 29, 2018

**Petition for Summons for Defendant on Pretrial Release**

**Name of Defendant:** Morgan Rockcoons (English)   **Dkt No.:** 3:17-cr-03690-AJB-1

**Reg. No.:** 54605-048

**Name of Judicial Officer:** The Honorable Anthony J. Battaglia, U.S. District Judge

**Date Conditions Ordered:** February 22, 2018, before the Honorable Jan M. Adler, U.S. Magistrate Judge

**Charged Offense:** Laundering of Monetary Instruments; Criminal Forfeiture; Operation of Unlicensed Money Transmitting Business; Criminal Forfeiture

**Conditions of Release:** Restrict travel to the state of Nevada and the Southern District of California for the purpose of Court; do not enter Mexico; report for supervision to Pretrial Services Agency (PSA) as directed by the assigned Pretrial Services Officer and pay for the reasonable costs of supervision in an amount determined by PSA and approved by the Court; not possess or use any narcotic drug or other controlled substance as defined in 21 U.S.C.§ 802, without a lawful medical prescription; not possess any firearm or other dangerous weapon or explosive device; provide the court a current residence address and telephone number prior to release from custody and keep it current while the case is pending; satisfy all outstanding warrants within 60 days and provide verification to Pretrial Services or the supervising officer; defendant shall use his/her true name only and shall not use any false identifiers; maintain current residence; maintain or actively seek lawful and verifiable employment and notify Pretrial Services prior to any change; submit to any testing required by Pretrial Services to determine whether the defendant is using a prohibited substance; pay all or part of the cost of the testing program based upon ability to pay; refrain from use or unlawful possession of a narcotic drug or other controlled substances unless prescribed by licensed medical practitioner including marijuana and medical marijuana; shall not be in the presence of anyone using or possessing a narcotic drug or other controlled substances including marijuana and medical marijuana.

**Modification:** On March 6, 2018, your Honor modified the conditions of release to reflect Pretrial Services was not required to report positive drug tests attributed to residual elimination.

On April 10, 2018, following a Bond Revocation Hearing, Judge Adler ordered the defendant to participate in inpatient or outpatient treatment (not opposed to starting with outpatient) as well as mental health treatment as directed by Pretrial Services in the District of Nevada.

**Date Released on Bond:** February 12, 2018, in the District of Nevada

**Next Court Hearing:** October 29, 2018, at 3:00 p.m., for a Motion Hearing before your Honor

PS 8C
(05/08)

**Name of Defendant:** Morgan Rockcoons  
**Docket No.:** 3:17-cr-03690-AJB-1

October 29, 2018  
Page 2

**Asst. U.S. Atty.:** Jonathan Shapiro  
(619) 546-8225

**Defense Counsel:** Richard A Schonfeld (retained)  
(702) 384-5563

**Prior Violation History:** On March 27, 2018, Judge Adler was informed that during a home assessment on March 26, 2018, a bottle of CBD (cannabidiol) oil was found in the defendant's bedroom which his fiancé reported to be hers. During a phone conversation following the home assessment, PSO McKillip (from the District of Nevada) discussed the violation and the defendant reported the bottle belonged to his fiancé. He was reminded of the conditions of release which include he is not to be in the presence of anyone using or possessing a controlled substance including marijuana and medical marijuana.

Additionally, during their conversation the defendant revealed he had not been residing at his residence for the past four days due to a verbal argument with his fiancé and was currently staying in a hotel. Pretrial Services was not notified of this change. Lastly, despite multiple requests the defendant had failed to provide employment verification. Our office requested no action and Judge Adler agreed.

On April 10, 2018, during a Bond Revocation Hearing before Judge Adler, the defendant denied an allegation that he submitted a urine specimen which confirmed positive for marijuana. The court held action in abeyance and modified the conditions of release reflected above.

On October 10, 2018, the Court was informed of technical violations sustained by the defendant, including failure to report new residence, failure to report to Pretrial Services for check in, and failure to report for a random drug test and two outpatient treatment sessions. Our office requested the Court hold action in abeyance and your Honor agreed, however, noted the Court would discuss the need to strictly comply with all conditions at the hearing set for October 29, 2018.

## PETITIONING THE COURT

**TO SUMMON THE DEFENDANT TO APPEAR IN COURT AND ADDRESS THE ALLEGATIONS**

The Pretrial Services officer believes that the defendant has violated the following condition(s) of pretrial release:

PS 8C
(05/08)

| | |
|---|---|
| **Name of Defendant:** Morgan Rockcoons | October 29, 2018 |
| **Docket No.:** 3:17-cr-03690-AJB-1 | Page 3 |

| CONDITION(S) | ALLEGATION(S) OF NONCOMPLIANCE |
|---|---|
| **(Standard Condition)**<br>The defendant must not use or possess a narcotic drug or other controlled substance without a lawful medical prescription. The defendant must not use or possess marijuana under any circumstances. | 1. On March 20, 2018, the defendant submitted urine specimen which confirmed positive for marijuana. |
| **(Standard Condition)**<br>Report for supervision to Pretrial Services Agency as directed by the assigned Pretrial Services Officer | 2. The defendant failed to report to the U.S. Pretrial Services Office for his monthly check in the week of May 1, 2018, as directed.<br><br>3. The defendant failed to call and check in with his supervising PSO the week of June 25, 2018, as directed. |
| **(Special Condition)**<br>Submit to any testing required by Pretrial Services to determine whether the defendant is using a prohibited substance | 4. On June 5, 2018, the defendant failed to report for a random drug test. |
| **(Special Condition)**<br>Participate in inpatient or outpatient treatment (not opposed to start with outpatient) as directed by Pretrial Services in the District of Nevada | 5. On June 19, 2018, and June 26, 2018, the defendant failed to report for two outpatient treatment sessions. |
| **(Mandatory Condition)**<br>The defendant must not violate federal, state, or local law during the period of release | 6. On October 24, 2018, a Superseding Indictment was filed in the Southern District of California charging the defendant with Laundering of Monetary Instruments; Operation of Unlicensed Money Transmitting Business; Wire Fraud; and Criminal Forfeiture |

### *Grounds for Revocation:*

On March 6, 2018, the defendant reported to Pretrial Services for a Post Release Intake Interview. During this interview, the undersigned reviewed the Order and Conditions of Release signed by Judge Adler which reflect the defendant is not to possess or use any narcotic drug or controlled substance without a lawful medical prescription. The defendant must not use or possess marijuana under any circumstances. The defendant acknowledged an understanding of the Order, as well as possible consequences for non-compliance.

On March 27, 2018, the undersigned received an email from Pretrial Services Officer in the District of Nevada, Emily McKillip, providing an Interpretation Letter from Alere Toxicology. The Interpretation Letter revealed the defendant submitted urine samples on February 14, 17, 18, 26 and March 4, 14 and 20, 2018, all of which confirmed positive for marijuana. However, the letter reveals it is the opinion of the Director of Toxicology the defendant reused marijuana prior to the collections on February 18, 2018, and March 20, 2018. It should be noted the defendant did not appear in our district until February 22, 2018.

On March 29, 2018, the defendant reported to Pretrial Services in the District of Nevada and PSO McKillip discussed the results of the Interpretation Letter from Alere Toxicology. PSO McKillip indicated the defendant was disrespectful when the results were brought to his attention and was adamant he had not used any form of THC while on supervision.

On April 2, 2018, the undersigned spoke to the defendant regarding the results of the Interpretation Letter and he continued to deny marijuana use while on bond. He indicated he submitted a hair follicle test at the direction of his attorney and was awaiting those results. The defendant was informed the Court would be notified of the non-compliance.

On October 9, 2018, the undersigned received an email from Pretrial Services Officer, CJ Kuipers, from the District of Nevada outlining technical violations sustained by the defendant. PSO Kuipers indicated the defendant was residing at an apartment complex in Las Vegas from April 23, 2018, to June 16, 2018. As the expiration of his lease at that location was nearing he was instructed to contact his PSO with new residence information by June 15, 2018. The defendant failed to contact the PSO by that date to advise of new residence information. The defendant contacted PSO Kuipers on June 20, 2018, and stated he had obtained residence at a different location, the Siegel Suites #165 in Las Vegas. A home assessment was conducted at that location on June 22, 2018. Mr. Rockcoons later moved to a different apartment within the same complex due to an air conditioning unit in #165 breaking. A subsequent home assessment for #219 (within the same complex) was conducted on July 27, 2018.

On August 22, 2018, a home contact was attempted at the Siegel Suites #219 but there was no answer on that date. On September 18, 2018, a home contact was again attempted at the residence and a female answered the door and stated the defendant did not reside at the apartment and that she had moved into the apartment approximately six weeks prior. The defendant was contacted and he stated the short term lease on unit #219 expired on September 15, 2018. The defendant failed to contact his PSO regarding the expiration of lease and loss of unit. The defendant advised that he was securing a

Case 3:17-cr-03690-AJB   Document 32   Filed 10/29/18   PageID.158   Page 5 of 6

PS 8C
(05/08)

| | |
|---|---|
| **Name of Defendant:** Morgan Rockcoons | October 29, 2018 |
| **Docket No.:** 3:17-cr-03690-AJB-1 | Page 5 |

new unit at the same apartment complex. He was directed to contact his PSO with the new unit number as soon as it was secured. PSO Kuipers contacted defendant on September 20, 2018, and at that time the defendant advised he had secured unit #343. On September 28, 2018, a home assessment was conducted at unit #343.

PSO Kuipers advised the defendant failed to report to the U.S. Pretrial Services Office for his monthly check in the week of May 1, 2018, as directed, and failed to call and check in with his supervising PSO the week of June 25, 2018, as directed. Furthermore, the defendant failed to report for a random drug test on June 5, 2018, and failed to report for two outpatient treatment sessions on June 19, 2018, and June 26, 2018.

On October 29, 2018, Pretrial Services reviewed the Superseding Indictment filed in the Southern District of California, which alleges from at least May 2018 through on or about October 12, 2018, within the Southern District of California and elsewhere, the defendant knowingly and with the intent to defraud, devised a material scheme to defraud and to obtain money by means of materially false and fraudulent pretenses, representations and promises. Additionally, on October 28, 2018, the defendant was arrested by Homeland Security Investigations for the alleged offense.

**SUPERVISION ADJUSTMENT**

The defendant's supervision adjustment is viewed as poor. Since being placed on bond the defendant has failed to check in with Pretrial Services as directed. On March 20, 2018, the defendant submitted a urine sample which confirmed positive for marijuana and has since missed a drug test and two outpatient treatment sessions. Furthermore, it is alleged the defendant has continued to commit offenses while on bond.

Criminal computerized record checks reveal the defendant's driver license is suspended/revoked and is not eligible to regain driving privilege until failure to appear/pay fine (traffic offense prior to release on bond) is cleared with the Court.

**RECOMMENDATION/JUSTIFICATION**

Pretrial Services requests your Honor cite the defendant to appear on October 29, 2018, at 3:00 p.m., so he may show cause why his bond should not be revoked.

I declare under penalty of perjury that the foregoing is true and correct.

**Executed on:** _____10/29/18_____

Respectfully submitted:                                    Reviewed and approved:
LORI A. GAROFALO
CHIEF PRETRIAL SERVICES OFFICER

by  _____              _____
Evelyn G. Caserta                                              Anthony Ortiz
U.S. Pretrial Services Officer                           Supervising U.S. Pretrial Services Officer
(619) 557-3414
Place: San Diego, California


**THE COURT ORDERS:**

___✓___  **AGREE**, cite the defendant to appear on October 29, 2018, at 3:00 p.m., so he may show cause why his bond should not be revoked.

_____  Other _____

_____


_____              _____10/29/18_____
The Honorable Anthony J. Battaglia                              Date
U.S. District Judge