```
 1  DAVID Z. CHESNOFF, ESQ.
    RICHARD A. SCHONFELD, ESQ.
 2  CHESNOFF & SCHONFELD
    520 South Fourth Street
 3  Las Vegas, NV 89101
    Telephone (702) 384-5563
 4  Email: Dzchesnoff@cslawoffice.net
    Email: Rschonfeld@cslawoffice.net
 5  Attorneys for Defendant Morgan Rockcoons
```

### UNITED STATES DISTRICT COURT

### FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | CASE NO. 17-CR-03690-AJB |
| MORGAN ROCKCOONS, | ) | NOTICE OF MOTION AND MOTION TO MERGE COUNTS 3 AND 4 OF THE SUPERSEDING INDICTMENT AND SEVER COUNTS 1 AND 2 |
| Defendant. | ) | |

TO: ADAM L. BRAVERMAN, UNITED STATES ATTORNEY; AND JONATHAN SHAPIRO, ASSISTANT UNITED STATES ATTORNEY:

### I.

### NOTICE OF MOTION

PLEASE TAKE NOTICE that on December 10, 2018, at 2:00 p.m., or as soon thereafter as counsel may be heard, Defendant Morgan Rockcoons, by and through his counsel, David Z. Chesnoff, Esq., and Richard A. Schonfeld, Esq., of the law firm of Chesnoff & Schonfeld, will ask this Honorable Court to enter an order granting his Motion to Merge Counts 3 and 4 of the Superseding Indictment and Sever Counts 1 and 2.

1

This Motion is based upon the papers and pleadings on file herein, the Memorandum of Points and Authorities in support therefor and any argument that may be heard.

Dated this 3rd day of December, 2018.

Respectfully Submitted:

/s/ Richard A. Schonfeld
**RICHARD A. SCHONFELD, ESQ**
**CHESNOFF & SCHONFELD**
520 South Fourth St.
Las Vegas, NV 89101
(702) 384-5563
Email: rschonfeld@cslawoffice.net
Attorney for Defendant Morgan Rockcoons

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. Introduction

Defendant Morgan Rockcoons ("Mr. Rockcoons"), was initially charged with two counts in the Indictment filed on November 8, 2017. Specifically, Mr. Rockcoons originally faced one count of violating 18 U.S.C. § 1960, and one count of violating 18 U.S.C. § 1956. The government's original charges were based on an undercover law enforcement officer allegedly representing to Mr. Rockcoons that said currency used to purchase the Bitcoin was from proceeds of manufacturing and distributing "hash oil" (the government apparently assumes Mr. Rockcoons was aware that the alleged "hash oil" contained tetrahydrocannabinols, an alleged Schedule I Controlled Substance in violation of Title 21 Section 841(a)(1)).

The time frame of the alleged conduct in the initial Indictment spanned between "on or about December 30, 2016 through on or about January 8, 2017" for Count 1, and "from a date unknown through on or about August 30, 2017 for Count 2.

On October 24, 2018, the government filed a sealed Superseding Indictment adding four counts of wire fraud in violation of 18 U.S.C. 1343 (Counts 3-6), ECF 29. The Superseding Indictment was unsealed by order of the court on October 29, 2018. Regarding the new wire fraud charges, the government charges that between "May 2018 through on or about October 12, 2018" Mr. Rockcoons conducted a scheme to defraud and that he allegedly:

> operate[d] the website www.bitcointopia.org to promote a real estate development he called "Bitcointopia" in Elko County, Nevada.
>
> 3 . It was further part of the scheme that through the website www.bitcointopia.org, defendant would solicit members of the public to purchase land in exchange for bitcoin.

4. It was further part of the scheme that defendant would falsely state on the website www.bitcointopia.org, "The land is currently owned by Bitcointopia, Inc corporation," and "500-1000 Acre plots are for sale for 0. 5 [bitcoin] per acre," when in fact defendant owned two non-contiguous parcels of land in Elko County totaling less than five acres.

5. It was further part of the scheme that defendant would offer to sell land in Bitcointopia, and accept bitcoin as payment for land purchases, when in fact he had no land to sell.

6. It was further part of the scheme that defendant ROCKCOONS would lull buyers into not requesting their money back and not reporting defendant's scheme to law enforcement by falsely stating he submitted the buyer's deed to the purchased land to county officials for filing when in fact he had not submitted a deed.

The Superseding Indictment continues:

...

7. On or about the dates set forth below, within the Southern District of California and elsewhere, defendant ROCKCOONS, for the purpose of executing the above-described scheme to defraud, and to obtain money by means of material false and fraudulent pretenses, representations and promises, knowingly caused. the following writings, signs, signals, pictures and sounds to be transmitted by means of wire communication in interstate commerce:

| Count | Approximate Date | Wire: |
|---|---|---|
| 3 | 6-27-18 | Wire transmission from www.bitcointopia.org stating, "500-1000 Acre plots are for sale for 0.5 ETC per acre" |
| 4 | 6-27-18 | Wire transmission from www.bitcointopia.org stating, "Buy Land" |
| 5 | 7-20-18 | Wire transmission of Telegram message from Las Vegas, Nevada, to 7-20-2018 San Diego, California, stating, "will be sometime in Aug for deed, submitted it June 29" |
| 6 | 8-2-18 | Wire transmission of Twitter direct 8-2-2018 message from Las Vegas, Nevada, to San Diego, California, stating, "I did submit your deed to the county" |

## II. Argument

### A. LEGAL STANDARD:

Under the Federal Rules, "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue." FED. R. CRIM. P. 12(b)(2). Consideration of the motion is typically appropriate if a question of law is involved. *See United States v. Shortt Accountancy Corp.*, 785 F.2d 1448, 1452 (9th Cir. 1986). A district court may make preliminary findings of fact necessary to decide the questions of law presented in the motion, as long as the court's findings do not invade the province of the ultimate fact finder. *See id.*

In addition, FED. R.CRIM.P. 12(b)(3)(B) states that a "motion alleging a defect in the indictment or information" must be made prior to trial, "but at any time while the case is pending, the court may hear a claim that the indictment or information fails to invoke the court's jurisdiction or to state an offense." Rule 7(c)(1) of the Federal Rules of Criminal Procedure also provides that an indictment "must be a plain, concise and definite written statement of the essential facts constituting the offense charged." FED. R. CRIM. P. 7(c)(1).

Rule 12 provides that a defendant may contest "defect[s] in the indictment" including "lack of specificity" and "failure to state an offense[.]" Fed. R. Crim. P. 12(b)(3)(B)(iii) & (v).

"[A]n indictment must furnish the defendant with a sufficient description of the charges against him to enable him to prepare his defense, to ensure that the defendant is prosecuted on the basis of facts presented to the grand jury, to enable him to plead jeopardy against a later prosecution, and to inform the court of the facts alleged so that it can determine the sufficiency of the charge." *United States v. Cecil*, 608 F.2d 1294, 1296 (9th Cir. 1979).

5

### B. THE COURT SHOULD BIFURCATE/SEVER COUNTS 1 AND 2 FROM THE NEW COUNTS OUTLINED IN THE SUPERSEDING INDICTMENT:

Federal Rule of Criminal Procedure 8 states in part:

> (a) Joinder of Offenses. The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged--whether felonies or misdemeanors or **both--are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan**.

(emphasis added).

In addition, Federal Rule of Criminal Procedure 14 permits the district court to "order separate trials of counts" at its discretion "[i]f the joinder of offenses ... in an indictment ... appears to prejudice a defendant." Fed.R.Crim.P. 14(a).

Thus, "[e]ven if joinder is permissible under Rule 8, a party who feels prejudiced by joinder may move to sever pursuant to [Rule] 14." *United States v. Smith*, 795 F.2d 841, 850 (9th Cir. 1986), cert. denied, 481 U.S. 1032, 107 S.Ct. 1964, 95 L.Ed.2d 535 (1987).

Federal Rule of Criminal Procedure 14 states in part:

> a) Relief. If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

As succinctly stated by the court in *United States v. Scivola*:

> Generally, there are three types of prejudice that may result from trying a defendant for several different offenses at one trial: (1) the defendant may become embarrassed or confounded in presenting separate defenses; (2) proof that defendant is guilty of one offense may be used to convict him of a second offense, even though such proof would be inadmissible in a separate trial for the second offense; and (3) a defendant may wish to testify in his own behalf on one of the offenses but not another, forcing him to choose the unwanted alternative of testifying as to both or testifying as to neither.

766 F.2d 37, 41–42 (1st Cir.1985).

In *United States v. Terry*, 911 F.2d 272 (9th Cir. 1990), the Ninth Circuit Court of Appeals found that the defendant was prejudiced by the joinder of an unrelated drug charge with a felon-in-possession charge because "[a] juror would inevitably be more disturbed about the idea of a 'drug dealer' with a gun than a citizen who previously had committed some unknown crime." *Terry*, 911 F.2d at 277. The *Terry* court stated in part:

> The indictment in the case at bar clearly fails to allege any commonality between the first two counts and count III. Count I and II describe an event occurring on June 9, 1988 in San Joaquin County. Count III describes an event occurring on June 22, 1988 in another city and county. The drug crimes referred to in Counts I and II are wholly different from the possession of a firearm charge in Count III. No effort is made in the indictment even to suggest that the offenses are of the same or similar character or that they are part of the same transaction or parts of a common scheme.

*See id.* at 276; *see also U.S. v. Ramirez*, 112 F.3d 518 (9th Cir. 1997) (unpublished).

Likewise, here, the government has added new "wire fraud" charges which completely differ from Counts 1 and 2 in time, as well as the nature and facts involved. The only commonality is that Bitcoin was allegedly used. That is the extent of the similarity between Counts 1-2 and 3-6.

Again, the charges in the initial Indictment relate to Mr. Rockcoons' alleged interactions with an undercover agent who represented that he wanted to purchase Bitcoin from him for purposes of buying a fictitious "butane extractor" to make "hash oil."

Those allegations are at least a year <u>prior</u> to the time frame in the Superseding Indictment, and the new charges are completely unrelated, as Mr. Rockcoons is now accused of allegedly selling land in Elko, Nevada online in exchange for Bitcoin. Thus, the new charges have nothing to do with alleged money laundering at the request of an undercover law enforcement agent.

1          Here, a trial with all of the charges would clearly be prejudicial as Counts 1-
2   2 relate to alleged laundering of controlled substance proceeds.
3          Moreover, not only may Mr. Rockcoons wish to testify as to only one of the
4   set of events, but the jury may also be tempted to use one offense to convict Mr.
5   Rockcoons of the others. Also, Mr. Rockcoons will be confounded in presenting
6   separate defenses as the charges in Counts 1 and 2 would also apparently be used
7   by the government as improper character evidence to prosecute the new wire fraud
8   charges. *See also, e.g., U.S. v. Braig*, 702 F.Supp. 547 (E.D.Pa.1989).
9          In *Braig*, the defendant was entitled to sever charges of mail fraud from a
10  charge of extortion under the Hobbs Act because the offenses differed in time,
11  victim, as well as the nature and facts involved. *See id.* The only commonality was
12  the fact that the defendant was a judge at the time the offenses were allegedly
13  committed. *See id.*; *see also U.S. v. Lugo*, 269 F.Supp. 757 (E.D.Wis.1967) (where
14  indictment joining defendant with two other defendants did not connect the acts of
15  the three defendants and did not disclose facts necessary to make joinder proper,
16  defendant was entitled to a severance); *United States v. Diaz–Munoz*, 632 F.2d
17  1330 (5th Cir.1980).
18         In *U.S. v. Kinsella*, 530 F.Supp.2d 356 (D.Me. 2008), the defendant was
19  charged with drug offenses and failure to appear. The court held that the defendant
20  was entitled to sever counts, where the reason for his failure to appear could be
21  admissible to rebut an inference of consciousness of guilt in connection with the
22  drug charges, but was likely inadmissible in connection with the failure to appear
23  count. The court held that a joint trial would prejudice his Fifth Amendment right
24  not to testify by forcing him to choose between incriminating himself as to the
25  failure to appear charge and testifying as to the drug charges.

Accordingly, the new charges in Counts 3-6 are prejudicial and improperly joined, and the requested remedy at this time should be severance.[1]

### C. COUNTS 3 AND 4 SHOULD MERGE AS THEY RELATE TO THE SAME ALLEGED WEBSITE POSTING AND ARE MULTIPLICITOUS AND VIOLATE DOUBLE JEOPARDY:

The protections afforded by the Double Jeopardy Clause include; (1) protection against a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense. *See North Carolina v. Pearce*, 395 U.S. 711, 717 (1969); *Whalen v. United States*, 445 U.S. 684, 688 (1980) (It is well established that "the Fifth Amendment guarantee against double jeopardy protects not only against a second trial for the same offense, but also against multiple punishments for the same offense.").

Also, multiplicity in the indictment may "unfairly suggest that more than one crime has been committed." *United States v. Swafford*, 512 F.3d 833, 844 (6th Cir. 2008). An indictment is multiplicitous when it charges a single offense as an offense multiple times, in separate counts, when, in law and fact, only one crime has been committed. *See U.S. v. Stewart*, 420 F.3d 1007, 1013-14 (9th Cir. 2005).

The test for multiplicity is whether each count charged requires proof of a fact which the other does not. *Blockburger v. United States*, 284 U.S. 299, 304 (1932).

The remedy for multiplicitous counts is to require the government to elect on which count it will proceed to trial. *See United States v. Seda*, 978 F.2d 779, 782 (2d Cir. 1992); *United States v. Feldhacker*, 849 F.2d 293, 298 (8th Cir. 1988).

---

[1] Mr. Rockcoons reserves the right to seek dismissal of all counts.

Here, according to the Indictment, Counts 3 and 4 are apparently based on the same alleged web posting on the same alleged date. They also relate to the same alleged subject matter. The alleged misrepresentation in Count 3 simply states: "500-1000 Acre plots are for sale for 0.5 ETC per acre" and the alleged misrepresentation in Count 4 simply states: "Buy Land".

The government's suggestion that each alleged representation on the same web page constitutes a different count is the epitome of multiplicity because it suggests more than one crime has been committed. The government should not be permitted to charge the same alleged web page post as two counts.

Accordingly, Counts 3 and 4 should merge, or the government should be required to elect whether it wishes to proceed on Count 3 or Count 4.

### III. Conclusion

In light of the foregoing, this Honorable Court should merge counts 3-4, and bifurcate/sever the trial between counts 1 and 2 and the new charges in the Superseding Indictment.

Dated this 3rd day of December, 2018.

Respectfully Submitted:

/s/ Richard A. Schonfeld
**DAVID Z. CHESNOFF, ESQ.**
**RICHARD A. SCHONFELD, ESQ**
**CHESNOFF & SCHONFELD**
520 South Fourth St.
Las Vegas, NV 89101
(702) 384-5563
Dzchesnoff@cslawoffice.net
rschonfeld@cslawoffice.net
Attorneys for Defendant Morgan Rockcoons

10

## CERTIFICATE OF ELECTRONIC SERVICE

The undersigned hereby certifies that she is an employee of the Law Office of Chesnoff & Schonfeld and is a person of such age and discretion as to be competent to serve papers.

That on December 3, 2018, she served an electronic copy of Defendant's Notice of Motion and Motion to Merge Counts 3 and 4 of the Superseding Indictment and Sever Counts 1 and 2, by electronic service (ECF) to the person(s) named below:

Adam L. Braverman, USA
Jonathan Shaprio, AUSA
United States Attorney's Office
880 Front Street, Room 6293
San Diego, CA 92101
Tel.: (619) 546-6784
jonathan.shapiro@usdoj.gov

                                                 /s/ Rosemary Reyes
                                        Rosemary Reyes
                                        Employee of Chesnoff & Schonfeld

11