UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                           Plaintiff,<br><br>v.<br><br>MORGAN ROCKCOONS,<br><br>                           Defendant. | Case No.:  17cr3690 AJB<br><br>**Jury Trial Preparation and Scheduling Order** |

Trial must be so prepared and conducted as to minimize disruption and maximize concentration on the evidence and witnesses.  The following special procedures are intended to further this objective and apply in this Court.  These are in addition to, and supplement, other applicable Local Rules.

## TRIAL DATES

1. Trial on counts 1 and 2 will be heard before Judge Battaglia in Courtroom 4A on **April 23, 2019** at **8:30 a.m.**  The trial will last 3-4 days.  Trial on counts 3-6 will be held on **July 30, 2019 at 8:30 a.m.**  Trial will last 3-4 days.

## MOTIONS IN LIMINE

2. Motions in Limine on counts 1and 2 will be heard on **April 8, 2019** at **3:00 p.m.** All motions in limine and trial brief must be filed and faxed or personally served on opposing counsel no later than **March 25, 2019**. Written opposition to in limine motions,

if any, **April 1, 2019**. Replies will not be submitted.

3. Motions in Limine on counts 3-6 will be held on **July 15, 2019 at 3:00 p.m**. All motions in limine and trial brief must be filed and faxed or personally served on opposing counsel no later than **July 1, 2019**. Written oppositions, if any, must be filed and faxed or personally served on opposing counsel no later than **July 8, 2019**. Replies will not be submitted.

4. Motions in limine must be limited in scope to evidentiary issues where attempts to "unring the bell" would be unduly prejudicial or futile.

## STIPULATIONS

5. Stipulations and agreements must be reduced to writing so they can be read into the record. All facts which are not contested must be listed in a form suitable to read to the jury. These must be filed **seven (7) days before the trial date**.

## EVIDENCE AND EXHIBITS

6. A Joint Exhibit list must be prepared and lodged **seven (7) days before trial**. A sample of the Exhibit form is attached as Exhibit A hereto.

7. Counsel should waive authentication evidence of documents where authentication is not an issue.

8. Exhibits may not be passed among the jury during trial. If counsel wish the entire panel to examine a particular exhibit prior to deliberations, they should either provide blowups or an overhead projector.

## VOIR DIRE

9. If counsel wish to expand the scope of the judge's initial voir dire, they should prepare and file written questions for the trial judge **seven (7) days before the trial**.

10. Counsel will be allowed brief follow-up voir dire after the Court's questioning.

## JURY INSTRUCTIONS

11. Counsel are ordered to meet and confer on jury instructions following the in

limine motion hearing.  No later than **seven (7) days before trial**, Counsel must file a joint set of agreed jury instructions on substantive law and verdict forms.  Counsel must also submit a separate set of any instructions and/or verdict form they propose to which there is an objection.  Opposing Counsel must file specific written objections, citing authorities and any alternate instruction counsel considers more appropriate.  The Model Ninth Circuit Instructions are preferred. Counsel need not submit Preliminary Instructions 1.1 through 1.13, or Course of Trial Instructions  2.1 through 2.15, but must submit any other instructions (e.g. 3.1, *et seq.*) deemed necessary.

12. At the time of filing, counsel should also email to chambers at efile_battaglia@casd.uscourts.gov, a copy of their proposed jury instructions and verdict form, in the same order as their joint filing, in Word.

## INTERPRETERS

13. If an interpreter is needed for a witness, please make arrangements in advance.

## AUDIO/VISUAL EQUIPMENT

14. The court is not in a position to provide extensive audio/visual equipment, x-ray view box, or display stands for use.  Counsel should make their own arrangements for their respective needs in this regard.  Equipment should be ready without the need to use the jury's time for set up. Counsel should cooperate (i.e., share) equipment whenever possible.

IT IS SO ORDERED.

Dated:  January 17, 2019

Hon. Anthony J. Battaglia
United States District Judge

**EXHIBIT LIST**

| No. | Offered by (P/D/I) | Brief Description | Admissibility Disputed (Y/N) | Legal Grounds For Objection(s) | Date Off'd | Date Adm |
|---|---|---|---|---|---|---|
| 1. | | | | | | |
| 2. | | | | | | |
| 3. | | | | | | |
| 4. | | | | | | |
| 5. | | | | | | |
| 6. | | | | | | |
| 7. | | | | | | |
| 8. | | | | | | |
| 9. | | | | | | |
| 10. | | | | | | |

Exhibit A

4

17cr3690 AJB

The Chambers of

United States District Judge

Anthony J. Battaglia

**JURY SELECTION PROCESS**

**(Criminal Cases)**

THE NORMAL PROCEDURE UTILIZED IN COURTROOM 4A FOR JURY SELECTION IN CRIMINAL CASES IS AS FOLLOWS:

1. The Court will seat twelve (12) persons as the jury and one to two alternates depending on the anticipated length of the trial. The number of jurors will be set at the Trial Setting Conference.

2. The Court will add peremptory challenges of one per side per alternate.

3. Before the Judge takes the bench, the bailiff takes the role of the panel. The panel members have been randomly assigned juror numbers by the Jury Administrator and will be seated numerically. Seating charts will be supplied to counsel by the clerk.

4. Court takes the bench and the panelists are sworn.

5. The Court questions the panelists and inquires of each whether he or she knows of any reason why that person cannot be completely fair and impartial and secures a commitment from each that the panelist will follow the law as instructed. [A copy of the Court's initial Voir Dire can be found on the Court's Website (www.casd.uscourts.gov) under Chambers Rules.] At this time the Court also asks questions submitted by counsel.

6. Counsel for each party (side) is then given a reasonable amount of time to question the panelists. Except for unusual cases, the time allotted to each party (side) is 10 minutes, on occasion 15 minutes. If counsel has not been dilatory in examining the panel and it appears to the Court that additional time is necessary to adequately question the panel, the Court will allow additional time. In order to adequately question in the

time allotted, counsel are advised to address questions to the panel as a whole and then follow up with questions to individual panelists who respond affirmatively to either the Court's questions or to the general questions of counsel. If you follow the approach of going over your areas of inquiry with each panelist individually, the questioning will probably not be completed in the time allowed and a request for additional time will be denied.

7. After each counsel has completed examining the panel and challenges for cause have been ruled on at "side bar," the parties exercise their peremptory challenges. The Court uses the "Arizona Blind Strike Method." The challenges are directed to all of the panelists remaining after the disposition of challenges for cause. A challenge sheet is provided to each party (side) to exercise all of their peremptory challenges. The first twelve panelists remaining, in the order in which they were seated, will constitute the jury. The next remaining one to two jurors will become the alternate(s). Before the challenged and non-selected prospective jurors are excused, the Court will share the challenges lists with counsel and ask counsel (at "side bar") if there is any objection to the peremptory challenge process (i.e. Batson). If a party has a challenge of this nature, that will be heard outside the presence of the jury panel.

Exhibit B