PROB 12C  
(06/17)

April 19, 2022  
pacts id: 4370533

# UNITED STATES DISTRICT COURT
## FOR THE
## SOUTHERN DISTRICT OF CALIFORNIA

### Petition for Warrant or Summons for Offender Under Supervision

**Name of Offender:** Morgan Rockcoons (English)  **Dkt. No.:** 17CR03690-001-AJB

**Reg. No.:** 54605-048

**Name of Sentencing Judicial Officer:** The Honorable Anthony J. Battaglia, U.S. District Judge

**Original Offense:** Count 2: 18 U.S.C. § 1960(a), Operation of Unlicensed Money Transmitting Business, a Class D felony; Count 3: 18 U.S.C. § 1343, Wire Fraud, a Class C felony.

**Date of Sentence:** May 28, 2019

**Sentence:** Counts 2 and 3**:** 21 months' custody as to each count, to run concurrent; 3 years' supervised release as to each count, to run concurrent. *(Special Conditions: Refer to Judgment and Commitment Order.)*

**Type of Supervision:** Supervised Release    **Date Supervision Commenced:** April 23, 2020

**Asst. U.S. Atty.:** Jonathan I. Shapiro    **Defense Counsel:** David Z. Chesnoff  
Richard A. Schonfeld  
(Retained)  
(702) 384-5563

**Prior Violation History:** Yes. See prior court correspondence.

---

## PETITIONING THE COURT
## TO ISSUE A NO-BAIL BENCH WARRANT

The probation officer believes that the offender has violated the following condition(s) of supervision:

| **CONDITION(S)** | **ALLEGATION(S) OF NONCOMPLIANCE** |
|---|---|
| **(Mandatory Condition)** The defendant must not illegally possess a controlled substance. The defendant must refrain from any unlawful use of a controlled substance. Submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter. Testing requirements will not exceed submission of more than four (4) drug tests per month during the term of supervision, unless otherwise ordered by the court. | 1. On or about February 16, 23 and April 1, 2022, Mr. Rockcoons used a controlled substance, as evidenced by the urine samples he submitted at the U.S. Probation Office on the above dates, which all confirmed positive for marijuana metabolite.<br><br>2. On March 29, 2022, Mr. Rockcoons failed to comply with drug testing requirements as instructed by the probation officer, in that he failed to submit a urine specimen at the U.S. Probation Office as required. |

PROB12(C)

| | |
|---|---|
| Name of Offender: Morgan Rockcoons | April 19, 2022 |
| Docket No.: 17CR03690-001-AJB | Page 2 |

**(Standard Condition)**
The defendant must follow the instructions of the probation officer related to the conditions of supervision.

***Grounds for Revocation:*** As to allegation 1, I have received and reviewed written laboratory notification from Alere Toxicology Services, which verifies the urine specimens provided by Mr. Rockwell on February 16, 23 and April 1, 2022, confirmed positive for marijuana metabolite.

As to allegation 2, I have received and reviewed the Chain of Custody for Drug Analysis form which confirms that on March 22, 2022, Mr. Rockcoons failed to submit a urine sample, as required. On February 23, 2022, the undersigned reviewed written instructions for drug testing with Mr. Rockcoons, and he acknowledged receipt of the instructions with his signature. Specifically, Mr. Rockcoons was instructed to call the drug testing line after 8:15 PM the day before each drug testing day to hear if he was to report for testing, and report for testing if instructed in the automated testing line. Testing days are Monday through Friday.

**(Special Condition)**
The defendant shall pay restitution in the amount of $39,774.31, at the rate of at least $100 per month, upon his release from custody, payable to the Clerk of the Court.

3. Mr. Rockcoons failed to make restitution payments as ordered for the months of April 2020 through September 2020; November 2020; February 2021; April 2021 through September 2021; December 2021, and January 2022 and February 2022.

***Grounds for Revocation:*** On April 29, 2020, Mr. Rockcoons probation officer reviewed the Judgment and Commitment order with him. All his conditions, including his obligation toward his court ordered restitution were explained to him. He was provided with payment instructions and directed to pay at least $100 per month, every month. Mr. Rockcoons has paid a total of $2,000 toward the $39,774.31 restitution ordered in this matter, and his current outstanding balance is $37,774.31.

## VIOLATION SENTENCING SUMMARY

### SUPERVISION ADJUSTMENT

As of recent, Mr. Rockcoons' adjustment to supervision can be characterized as poor. The Court was informed of his non-compliance on March 14, 2022, wherein he had submitted two urine samples (February 16 and 23, 2022) both of which confirmed positive for marijuana metabolite. When Mr. Rockcoons was confronted with each positive result, he adamantly denied personal use of marijuana and attributed the results to him having close contact with his father who is a regular user of marijuana. Mr. Rockcoons was advised by the undersigned that the likelihood of him testing positive for marijuana due to ingesting second-hand smoke was extremely improbable. He was advised to cease all marijuana use immediately. To address the positive drug tests, he was placed in our formal drug testing program on February 23, 2022 and transferred from the administrative caseload to a low-active caseload as it was apparent that closer supervision was warranted. On March 15, 2022, Your Honor responded to the undersigned's Report on Offender Under Supervision and instructed the probation officer to request a warrant for any additional positive drug tests. Additionally, as instructed by Your Honor, on March 16, 2022, the undersigned informed Mr. Rockcoons of Your Honor's intent and he voiced understanding.

On March 30, 2022, the undersigned received notice that Mr. Rockcoons failed to report for drug testing at the U.S. Probation Office on March 29, 2022. It should be noted, Mr. Rockcoons had come to the office on March 29, 2022, to drop off some financial documents, so it was unclear why he did not submit a urine sample when he was there. In response, the probation officer contacted him, and he advised that he was coughing and sneezing and did not feel comfortable remaining in the office for an extended period of time. Due to the missed drug test, the undersigned instructed him to report to the U.S. Probation Office on April 1, 2022, to submit a urine sample. He reluctantly complied with this directive, and subsequently the urine sample tested positive for cannabinoids. It was later confirmed by the national lab as positive for marijuana metabolite. On April 8, 2022, Mr. Rockcoons was again confronted with the positive drug result, and he again denied personal use of marijuana or any other controlled substance. It should be noted, Mr. Rockcoons had submitted a urine sample on March 10, 2022, which revealed a negative result for any substance use, therefore, verifying the positive drug test on April 1, 2022, was indicative of new use.

Mr. Rockcoons has a current restitution balance of $37,774.31. Additionally, he has an outstanding forfeiture order of $80,600. Due to the offender's sporadic payment history, on February 16, 2022, the undersigned directed him to fill out a financial packet and provide supporting documentation by March 22, 2022. He failed to comply with this directive. On March 29, 2002, the undersigned contacted Mr. Rockcoons and directed him to report to the probation office that same day and to provide the financial packet and requested documentation. The offender dropped off the financial paperwork and partial supporting documentation. The undersigned contacted him and instructed him to report to my office on April 8, 2022, and to bring with him the missing documentation. Mr. Rockcoons complied with this directive, however, was extremely argumentative and disrespectful toward the undersigned.

Upon review of his submitted financial documentation, Mr. Rockcoons provided his personal financial information via a net worth statement dated March 10, 2022, which indicates that the has the following assets or monetary balances: 50,000 units of Bitcoin (valued at approximately $5,026,246.44), two parcels of land in Nevada which values are assessed at $1,652 and $2,314 and a balance in his Wells Fargo personal checking account of $100.73. The offender reported his monthly expenses as $3,150, and reports he utilizes his Bitcoin to pay his monthly living expenses. Although Mr. Rockcoons is reporting a significant amount of financial assets, he has made little effort toward paying his restitution and has made no effort toward paying the forfeiture. It is additionally noted that Mr. Rockcoons has not been employed since the inception of his supervision term. When questioned regarding his lack of employment, Mr. Rockcoons indicated he was unable to secure employment due to being the sole caretaker of his father.

## OFFENDER PERSONAL HISTORY/CHARACTERISTICS

Mr. Rockcoons resides alone in an apartment in the Little Italy area of San Diego. He admittedly has not earned an income since 2017 and relies solely on his Bitcoin investment to pay for his personal living expenses. His father reportedly recently passed away and was previously a resident of Borrego Springs, California. Mr. Rockcoons has one brother who also resides locally.

According to the presentence report prepared in this matter, Mr. Rockcoons self-reported his use of marijuana began at the age of 17. He stated he was issued a medical marijuana card at the age of 18 due to suffering from a seizure disorder.

While on pretrial supervision in the District of Nevada, he violated his pretrial release and was subsequently detained. The violations included: having CBD (cannabidiol) oil in his bedroom, change of address without notifying pretrial officer, failing to provide employment verification, submitted urine sample which tested positive for marijuana, failing to report for drug testing and failing to report to two outpatient drug treatment sessions.

PROB12(C)

Name of Offender: Morgan Rockcoons April 19, 2022
Docket No.: 17CR03690-001-AJB Page 4

---

## SENTENCING OPTIONS

### CUSTODY

### As to Counts 2 and 3:

**Statutory Provisions:** Upon the finding of a violation, the court may modify the conditions of supervision; extend the term (if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. 18 U.S.C. § 3583(e)(2) and (3).

**Mandatory Revocation:** If it is determined that the offender has violated the conditions of supervised release by testing positive for illegal substances more than 3 times during the course of 1 year, the court shall revoke supervised release and impose a sentence that includes a term of imprisonment. 18 U.S.C. § 3583(g)(4).

If the court revokes supervised release, the maximum term of imprisonment upon revocation is 24 months. 18 U.S.C. § 3583(e)(3).

**USSG Provisions:** The allegations (use of a controlled substance, failure to submit to drug testing, and failure to pay restitution) constitute Grade C violations. USSG §7B1.1(a)(3), p.s.

Upon a finding of a Grade C violation, the court may (A) revoke supervised release; or (B) extend the term and/or modify the conditions of supervision. USSG §7B1.3(a)(2), p.s.

A Grade C violation with a Criminal History Category I (determined at the time of sentencing) establishes an **imprisonment range of 3 to 9 months.** USSG § 7B1.4, p.s. It is noted that in the case of a Grade C violation, and where the minimum term of imprisonment determined under USSG §7B1.4, p.s., is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement... for any portion of the minimum term. USSG §7B1.3(c)(1), p.s.

Pursuant to USSG §7B1.3(d), p.s., any unpaid portion of restitution shall be ordered to be paid, in addition to the sentence imposed as a result of the revocation. In this case, the offender has not paid $37,774.31 of the court-ordered restitution.

### REIMPOSITION OF SUPERVISED RELEASE

### As to Counts 2 and 3:

If supervised release is revoked and the offender is required to serve a term of imprisonment, the court can reimpose supervised release upon release from custody. The length of such a term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C.§ 3583(h).

In this case, the court has the authority to reimpose a term of 3 year(s) supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C. § 3583(b).

### JUSTIFICATION FOR BENCH WARRANT

Mr. Rockcoons has repeatedly failed to accept responsibility for his use of marijuana and continued to use the drug even after being advised the Court would not tolerate any further use. He has remained argumentative and uncooperative with the probation officer when given instructions relating to his conditions of release.

Further, as mentioned previously, in response to the Report on Offender Under Supervision filed on March 14, 2022, the Court concurred with the undersigned's recommendation of placing him in formal drug testing along with supervising him at a higher level of supervision, however, added "next positive test request a warrant. Advise defendant the court will not tolerate any further use." Mr. Rockcoons has since tested positive for marijuana metabolite, thus, per Your Honor's order, a warrant is being requested to bring the offender before the Court to address his violation conduct alleged herein.

**RECOMMENDATION/JUSTIFICATION**

Mr. Rockcoons has repeatedly failed to take responsibility for his use of marijuana, even though he has been confronted with confirmed positive test results on each date alleged above. Additionally, Mr. Rockcoons has made little to no effort in paying his court ordered restitution or forfeiture, even though he has provided documentation that he has access to an abundance of monetary funds. Based on his recent non-compliance, it appears that Mr. Rockcoons fails to recognize the seriousness of the instant offense and the importance of refraining from the use of illegal controlled substances. Should the alleged conduct be sustained, it is respectfully recommended that Mr. Rockcoons' term of supervised release be revoked, and that he be sentenced to sixty (60) days custody (as to each count, concurrent), followed by 24 months of supervised release (as to each count, concurrent), to include all the previously imposed conditions. Upon his release from custody, he will continue in our formal drug testing program as well as be referred for outpatient drug treatment. In addition to the conditions originally imposed, it is respectfully recommended that based on Mr. Rockcoons reported financial situation, the Court consider that his restitution balance as well as the forfeiture ordered in this matter, be paid in full, forthwith.

**I declare under penalty of perjury that the foregoing is true and correct.**

**Executed on: April 19, 2022**

Respectfully submitted:
DANIEL J. KILGORE
CHIEF PROBATION OFFICER

by  *Lissa Williams*
Lissa Williams
U.S. Probation Officer
(619) 557-7640

Reviewed and approved:

*Paula D. Burke*
Paula D. Burke
Supervisory U.S. Probation Officer

mcs

PROB12CW                                                                                                April 19, 2022

# VIOLATION SENTENCING SUMMARY

1. **Defendant:** Rockcoons, Morgan

2. **Docket No.** (Year-Sequence-Defendant No.)**:** 17CR03690-001-AJB

3. **List Each Violation and Determine the Applicable Grade** (*See* USSG § 7B1.1)**:**

| Violation(s) | Grade |
|---|---|
| Use of a controlled substance | C |
| Failure to submit to drug testing | C |
| Failure to pay restitution | C |

4. **Most Serious Grade of Violation** (*See* USSG § 7B1.1(b))                          [   C   ]
5. **Criminal History Category** (*See* USSG § 7B1.4(a))                                 [   I   ]
6. **Range of Imprisonment** (*See* USSG § 7B1.4(a))                       [  3 to 9 months  ]

7. **Unsatisfied Conditions of Original Sentence**: List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (*See* USSG § 7B1.3(d)):

| | | | |
|---|---|---|---|
| Restitution ($) | $37,774.31 | Community Confinement | |
| Fine($) | | Home Detention | |
| Other | $80,600 forfeiture | Intermittent Confinement | |

PROB12(C)

| | |
|---|---|
| Name of Offender: Morgan Rockcoons | April 19, 2022 |
| Docket No.: 17CR03690-001-AJB | Page 7 |

**THE COURT ORDERS:**

   __X__   AGREE. A NO-BAIL BENCH WARRANT BE ISSUED BASED UPON A FINDING OF PROBABLE CAUSE TO BRING THE OFFENDER BEFORE THE COURT TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED FOR THE ALLEGED VIOLATIONS. THE PETITION AND THE WARRANT WILL BE SEALED UNTIL THE OFFENDER HAS BEEN ARRESTED ON THE WARRANT AND THEN THE PETITION AND WARRANT MAY BE UNSEALED. NOTWITHSTANDING THE SEALING, A COPY OF THE PETITION AND WARRANT WILL BE GIVEN TO THE U.S. MARSHAL FOR USE BY LAW ENFORCEMENT.

   _____   DISAGREE. THE ISSUANCE OF A SUMMONS ORDERING THE OFFENDER TO APPEAR BEFORE THE COURT ON _____, AT _____, TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED.

   _____   Other _____

_/s/ Anthony J. Battaglia_  
The Honorable Anthony J. Battaglia  
U.S. District Judge

4-19-22  
Date